## GEORGE L. RANDIDGE *vs.* GEORGE T. LYMAN.

Suffolk. March 11. — April 6, 1878. AMES & MORTON, JJ., absent.

In an action on a debt barred by a discharge in insolvency, statements, in letters from the defendant to the plaintiff, that he had not the money to assume the debt at the moment, that he should like to have the plaintiff collect the dividend, and the balance of the debt would be ultimately paid; that the account would be one of the first, if not the very first, of the back matters that would be paid, and would certainly be paid if the defendant lived · that as soon as he should be able to take up any of that class of debts, the plaintiff's would be included in the first payment; that the account, with the others, would be paid as soon as he could do so;

do not amount in law to an absolute new promise to pay the debt, but, at most only to a conditional promise to pay when the defendant should be able.

Upon the issue of the defendant's ability to pay his debt to the plaintiff, an entry in a tax-book, showing the value of the defendant's property for the purposes of taxation, is incompetent evidence.

CONTRACT upon a promissory note for $239.37, made by the defendant, dated July 1, 1857, and payable to the plaintiff or order in six months from date. Writ dated March 6, 1876. Answer: 1. A general denial; 2. The statute of limitations; 3. A discharge under the insolvent laws.

At the trial in the Superior Court, before *Dewey*, J., the making of the note was admitted, and it appeared that the defendant had been absent from this Commonwealth since 1857, and had been and was a resident of Brookhaven, Long Island, in the State of New York.

The defendant relied on a discharge obtained by him on August 10, 1858, from all his debts, under the provisions of the insolvent laws of this Commonwealth, which discharge, it was admitted, would bar this action, unless the cause of action had been revived by a new promise.

The plaintiff, in order to prove a new promise, introduced the following letters written to him by the defendant:

"New York, May 19, 1859. Mr. G. L. Randidge. Dear Sir: Yours received. I have not the money to assume your note at the moment. I should like to have you collect the dividends, and the balance of the debt will be ultimately paid. The estate should pay about 30 per cent., unless it is all used up in lawsuits. Yours truly, Geo. T. Lyman."

"New York, May 10, 1860. G. L. Randidge, Esq., Boston. Dear Sir: Yours of 6th March duly received. Your account will be one of the first, if not the very first of my back matters, that will be paid, and will certainly be paid if I live. But it is no trifling matter to come to a strange city, and, without a dollar of capital, within eighteen months to make a business sufficient to support a wife and six children, and lay up money enough to pay up old scores. Yours truly, Geo. T. Lyman."

"March 7, 1862. Mr. Geo. L. Randidge, Boston. Dear Sir: I have your letter of 20th December, in which you say that $22 was sent you shortly after my departure, without any de-

mand on your part. My information was that it was sent in reply to a written demand from you for the whole amount, and that $22 was sent, this sum having been misread for $220, or thereabouts. I presume the letter is in the possession of the recipient. As for this bill, I have only to repeat what I have said before, that as soon as I am able to take up any of that class of debts, yours will be included in the first payment. As for the fact, whether $200 is much to me or not, or whether my present position is a present or prospective one so far as money goes, you must allow me to be the judge. There is no debt of mine remaining unpaid, and never will be, except from sheer inability to meet it. Yours respectfully, Geo. T. Lyman."

" New York, 16th May, 1864. Mr. Geo. L. Randidge, Boston. Dear Sir: I have received a note from you with respect to my old account with you. It is strange that you should wish me to repeat what I have so often said before, that your account, with the others, will be paid as soon as I can do so. Your continued importunity on this subject will not hasten my ability, on the one hand, nor increase my disposition to give a preference to your case, on the other. All acts against me, of this nature, I consider good, that they will before long be paid. Yours, etc., Geo. T. Lyman."

The plaintiff further offered in evidence a transcript from the original tax-book of the town of Brookhaven for the year 1876, so far as it relates to the assessment of tax against the defendant, by which it appeared that in that year a tax was set as follows, in substance: " Name of owner or occupant, George T. Lyman," " 70 acres, value $5000, tax $50."

The defendant objected to the competency of the transcript as evidence, and contended that, if admissible, it would not authorize the jury to find that he was of ability to pay the debt to the plaintiff. The plaintiff contended that the letters introduced in evidence contained a new promise by the defendant, and that he was entitled to recover upon such evidence.

The judge, by consent of parties, and before verdict, reserved the case for the determination of this court upon the questions of law arising thereon. If, upon the proper construction of the letters of the defendant, the plaintiff was entitled to recover, without proving the ability of the defendant to pay the debt, or if

it was necessary to prove such ability, and the transcript was competent as evidence, and would authorize the jury to find an ability on his part to pay the debt, then judgment was to be entered for the plaintiff for the amount of the note and interest; otherwise, judgment was to be entered for the defendant.

*H. M. Rogers*, for the plaintiff.

*C. F. Donnelly*, for the defendant.

GRAY, C. J. Upon the most favorable construction for the plaintiff, the defendant made no more than a conditional promise to pay when he should be able; and upon such promise no action can be maintained without proof of his ability to pay. *Tanner* v *Smart*, 6 B. & C. 603; *S. C.* 9 D. & R. 549. *Gould* v. *Shirley*, 2 Moore & Payne, 581. *Hart* v. *Prendergast*, 14 M. & W. 741. *Meyerhoff* v. *Froehlich*, 3 C. P. D. 333. *Tompkins* v. *Brown*, 1 Denio, 247. *United Society in Canterbury* v. *Winkley*, 7 Gray, 460. St. 1856, *c.* 18. Gen. Sts. *c.* 105, § 3. No competent evidence of this fact was offered. The tax-book was incompetent to prove the value of the property for any other purpose than the assessment and collection of the tax. *Commonwealth* v. *Heffron*, 102 Mass. 148, 154.

In *Lerow* v. *Wilmarth*, 7 Allen, 463, and *Cook* v. *Shearman*, 103 Mass. 21, cited for the plaintiff, the defendant's promise to pay was more positive, and not qualified by the condition of his ability to perform his promise.

*Judgment for the defendant.*