NATHAN GREGG & SON V. W. D. CLEVELAND & CO.

No. 3085.

1. **Fraudulent Trust Deed to Secure Creditor.**—A deed of trust is vitiated by instructions therein to the trustee "to sell the property in due course of trade, and to carry on the retail business in the regular course of trade."

2. **Same—Construction of Deed of Trust.** — The trustees under the above authority could only dispose of the goods at the usual retail prices. They are not permitted to sell promptly and pay the debt secured. The surplus is placed beyond the reach of other creditors for an indefinite time. Such mortgage is in effect fraudulent and void.

APPEAL from Shelby. Tried below before Hon. E. B. LEWIS, Special District Judge.

The opinion states the case.

*D. M. Short & Son* and *T. M. Davis*, for appellants.—The verdict of the jury is contrary to the law and the evidence in this: There is no evidence that P. H. McLaughlin intended to defraud his creditors in delivering possession of said property. Fraud will not be presumed, but must be proved, like any other fact; and the execution of a deed of trust upon a stock of merchandise and placing the trustee in possession of the same is not per se fraudulent. Iglehart v. Willis & Bro., 58 Texas, 306; Greenleve, Block & Co. v. Blum, 59 Texas, 124; Hinson v. Walker & Co., 65 Texas, 103.

*James E. Hill*, for appellees.—1. When it is said "fraud will not be presumed," it is meant in the absence of facts from which fraud can be established. Fraud is the direct effect of the provisions in the deed of trust from P. H. McLaughlin to appellants, transferring to them his entire stock of merchandise, consisting of dry goods, groceries, hardware, saddlery, and other articles, etc., with power and direct instructions "to sell the same in due course of trade for cash, and apply the proceeds thereof, after deducting all necessary expenses, to the payment of the aforesaid sum of $2500 due to said Nathan Gregg & Son, with all accrued interest, and to deliver on demand the remainder, if any, of such proceeds of such sale to me or my legal representatives." And further, in empowering T. S. Short, the trustee in the deed, "to execute this deed of trust, and for and in the name of said Nathan Gregg and Harvey Gregg to take actual possession of the above described stock of goods, wares, and merchandise, and for them and in their name from time to time from said stock to sell for cash, and to carry on a retail business in the town of Timpson, Shelby County, Texas, in the regular course of trade, making such sales and conducting such business only as the agent of Nathan Gregg and Harvey Gregg, composing the said firm of N. Gregg & Son; also to employ such assistance in the way

of clerks as shall be necessary to conduct said business until all of said goods shall have been sold according to the provisions of this deed of trust." These provisions render the trust deed void. Gallagher v. Goldfrank, 75 Texas, 565; Greenleve, Block & Co. v. Blum, 59 Texas, bot. p. 127; Jackson v. Harby, 65 Texas, 715; Bank v. Lovenberg, 63 Texas, 510, 511.

Such an instrument is not only fraudulent, but the court should have declared it so. Peiser v. Peticolas, 50 Texas, 638, head note 4.

2.  Not only is fraud shown upon the very face of the trust deed and by its extraordinary provisions, but the facts of the entire case show a fraudulent transfer by P. H. McLaughlin to appellants for the purpose of defrauding his creditors. The issue of fraud tendered by appellees is sustained by the facts. Oppenheimer v. Halff, 68 Texas, 412, 413.

On December 20, 1887, and not on any subsequent day, is the time the value of the goods is to be determined. Oppenheimer v. Halff, 68 Texas, 413; Abb. Tri. Ev., sec. 21, p. 307.

The value assessed by the sheriff, even had it been on December 20, 1887, is not evidence of value. Linn v. Wright, 18 Texas, 341.

The trust deed providing that the remainder be paid to P. H. McLaughlin or his legal representatives renders it fraudulent per se. Linn v. Wright, 18 Texas, 337; 16 Texas, 34.

And this would be the effect of an understanding to this purport and not embraced in the deed. Greenleve v. Blum, 59 Texas, 124, 127.

So when the trust deed expresses a false consideration or fictitious debt. Brashear v. Jemison, 75 Texas, 139; Freybe v. Tiernan, 76 Texas, 286; Blair v. Finlay, 75 Texas, 211; Gallagher v. Goldfrank, 75 Texas, 565.

TARLTON, JUDGE, *Section B.*—This case involves the trial of right of property in a stock of merchandise formerly owned by P. H. McLaughlin, a merchant in the town of Timpson, Shelby County, Texas. Appellants were plaintiffs in the court below, appellees, as claimants of the property, being defendants.

December 20, 1887, P. H. McLauglin, being insolvent, executed in favor of Nathan Gregg & Son a deed in trust transferring the property in controversy to secure a recited indebtedness of $2500. T. S. Short, the agent and representative of appellants, was made trustee in the deed, and as such took prompt possession of the property, and was so holding it when, on the same day, a writ of attachment, issued out of the District Court of Harris County at the instance of Wm. D. Cleveland & Co. and against P. H. McLaughlin on an indebtedness of $7567.72, was levied on the merchandise as the property of McLaughlin. December 26, 1887, appellees obtained an order for the sale of the goods as perishable property, and at the sale had in obedience to the order purchased the property for $2000, on January 4, 1888. The

proceeds were placed in the registry of the court, and the property was delivered to appellees. January 3, 1888, appellants brought suit in the District Court of Shelby County against P. H. McLaughlin for debt, on an account for $2695.11. On the following day, and in said suit, appellants filed their affidavit and bond in sequestration, and by virtue of the writ of sequestration then obtained by them the sheriff of Shelby County took the goods from appellees' possession. January 9, 1888, appellees filed in the District Court of Shelby County their claimants' oath and bond, and the cause was duly docketed. April 13, 1888, appellants took judgment by default against P. H. McLaughlin for their debt, foreclosing their lien growing out of the deed in trust and sequestration proceedings. November 7, 1888, appellees recovered judgment against McLaughlin in the District Court of Harris County for the amount of their indebtedness, with foreclosure of their attachment lien, and with an order that the money arising from the sale of the goods be paid from the registry of the court to appellees.

July 26, 1890, this cause was tried by a jury, resulting in a verdict and judgment for defendants, appellees.

Appellants, in the issues tendered, rely upon the deed in trust executed by McLaughlin as valid and subsisting, upon their possession under this instrument, and upon the subsequent foreclosure of their lien, made the basis of their sequestration proceeding.

Appellees insist that the sequestration process was invalid; that the deed in trust was fraudulent as to creditors and void, and that by their purchase of the goods under their attachment proceedings they obtained title to the property.

Appellants present several assignments of error growing out of the action of the court with reference to the issues stated. As we view this case, however, a consideration of but one question will suffice for the disposition of this appeal, viz., the validity of the deed in trust or mortgage executed by McLaughlin. This instrument is the basis of appellant's claim, and if it fails appellant's contention is without merit.

Appellants plead that at the time of the execution of this mortgage McLaughlin was indebted to them in the sum of $2695.11, "and *was unable to pay the same or any part thereof.*" The amount really due by McLaughlin to appellants was, as shown by the testimony, $2321.35. The goods were invoiced at a valuation of $4059.56, as shown by the inventory referred to in the mortgage as exhibit A, and afterward attached to and recorded with it, and the evidence will permit no other reasonable conclusion than that they were worth at least the sum of $4000. McLaughlin testified, that at the date of the instrument he had no property subject to execution except the merchandise in controversy, worth, as he stated, between $4000 and $5000, and that he was indebted to appellees in the sum of $6000 or $7000. The record presents no conflict in the evidence with reference to the insolvency of Mc-

Laughlin, nor with reference to appellant's knowledge of his condition, nor with reference to the fact that the goods exceeded in value the sum due by him to appellants. The instrument in question stipulates, that for the purpose of securing the indebtedness, which the grantor is unable to pay in cash, he has sold and delivered the stock of goods, etc., unto Nathan Gregg and Henry Gregg, composing the firm of Gregg & Son, empowering them "to sell the same *in due course of trade* for cash." It further stipulates that T. S. Short is appointed trustee "to execute this deed of trust, and for and in the name of Nathan Gregg and Henry Gregg to take actual possession, etc., and for them from time to time from said stock to sell for cash and to *carry on a retail business* in the town of Timpson *in the regular course of trade.*" It further provides that after paying the indebtedness the remainder, if any, should be paid to the grantor.

In our opinion the necessary and legal effect of this instrument, in view of the insolvency of the grantor, was to hinder and delay the creditors other than appellants. The instrument is vitiated by the instructions to "*sell the property in due course of trade* and to *carry on a retail business in the regular course of trade.*" It is apparent that the mortgagees or their trustee have authority to dispose of the goods only at the usual retail prices. They are not permitted to sell promptly and pay their debt. The surplus is thus placed for an indefinite time beyond the reach of creditors. Gallagher & Co. v. Goldfrank & Co., 75 Texas, 565.

Under the undisputed evidence, as we understand it, construed in connection with the recitals of the instrument, it became, we think, the duty of the court to declare the mortgage void, and to instruct the jury to find a verdict for the defendants.

There is consequently no error in the judgment, and it should be affirmed.

*Affirmed.*