## R. M. GREER v. RICHARDSON DRUG COMPANY.

### No. 55.

1. **Deed of Trust.**—A provision in a deed of trust given to secure a creditor, stipulating that after satisfying the debt secured the surplus of the proceeds should be returned to the mortgagor. does not of itself render the instrument void as to other creditors.

2. **Same—Hindering and Delaying Creditors.**—But if the maker of the trust deed was insolvent when he made it, and it conveyed property largely in excess of the debt secured, and authorized the trustee to hold possession for as long as six months, selling at the usual market price, other creditors would be unreasonably delayed, and the instrument would be void as to them.

3. **Burden of Proving Insolvency of Debtor.**—Where other creditors attack such a deed of trust (which is silent as to the maker's insolvency), the burden of proving such insolvency is upon them.

4. **Evidence—Tax Rolls as Proof of Insolvency.**—To prove that the debtor was insolvent, the tax rolls were given in evidence to show that he did not render certain property claimed by him. The original assessment lists, signed by him, were not offered. *Held*, that the tax rolls could not thus be used as a statement by him of his financial condition.

5. **Deed—Predicate for Secondary Evidence.**—Where a deed which a party desires to use in evidence is made to and in possession of a third person, the party must either have it produced under a subpœna duces tecum, or show that it is beyond his power to produce it in some other way, before he will be allowed to introduce secondary evidence of its contents.

6. **Pleading — Amendment Validating Attachment.** — A petition, through mistake and informality, failed to clearly state an amount within the jurisdiction of the court; but the affidavit, bond, and writ of attachment issued thereon were regular and sufficient in amount. *Held*, that the petition could be so amended in the amount sued for as to validate the prior attachment by curing the matter of jurisdiction.

7. **Cases Approved and Followed.**— As to mortgage or assignment, Johnson v. Robinson & Co., 68 Texas, 399. As to trust deed hindering and delaying creditors, Gallagher v. Goldfrank, 75 Texas, 562; Gregg & Son v. Cleveland & Co., 82 Texas, 187. As to secondary evidence of deed, Hall v. York, 16 Texas, 18. As to amendment validating an attachment, Tarkinton v. Broussard, 51 Texas, 550; Marx & Kempner v. Abramson, 53 Texas, 264; McDannell v. Cherry, 64 Texas, 177; Ward v. Lathrop, 11 Texas, 287.

APPEAL from Hill.   Tried below before Hon. J. M. HALL.

*McKinnon & Carlton,* for appellant.—1. The deed of trust was not prima facie fraudulent and void in law.  The fact that the instrument gave to the trustee large discretionary powers does not render it void on its face, but the question of fraudulent intent was an issue of fact to be determined from the evidence. Hoas v. Kraus, 12 S. W. Rep., 394; Jackson v. Harby, 65 Texas, 710; Stiles v. Hill, 62 Texas, 429; Scott v. McDaniel, 67 Texas, 315.

2.  The deed of trust was not void, because its effect could not have

been to place the property not necessary to pay the debt beyond the reach of creditors. If there were more goods transferred than was sufficient to satisfy the debt, the excess in the hands of the trustee could have been reached by levy of process, or any residue in his hands after sale could have been reached by garnishment. Sayles' Civ. Stats., arts. 167, 2296, 2292; Scott v. McDaniel, 67 Texas, 315.

3. The court erred in putting the burden of proof upon defendant to show that at the date of the execution of the trust deed E. G. Puckett was solvent, when it was on the plaintiff to show his insolvency. Hohn v. Cook, 1 Ct. App. C. C., sec. 689.

4. The original petition in the cause of Richardson Drug Company v. E. G. Puckett, if it states a cause of action at all, only states a cause of action for $100, and hence the attachment writ issued for $279.80 was void. Sayles' Civ. Stats., arts. 1195, 1187; Wood v. Evans, 43 Texas, 175; Edgar v. Galveston City Co., 46 Texas, 421; Holman v. Criswell, 13 Texas, 38; Brackett v. Devine, 25 Texas Supp., 194; Sayles' Plead., secs. 6–9, 24, 26; Evans v. Tucker, 59 Texas, 249; Joiner v. Perkins, 59 Texas, 300.

*B. D. Tarlton* and *W. C. Morrow*, for appellee.—1. If the court erred in holding the deed of trust prima facie void in law, nevertheless there was sufficient evidence to justify the court in concluding that the transfer from Puckett to Greer and the transactions between them were fraudulent and void as to appellee, a creditor; and this after considering the said deed as a part of the evidence in the case and in connection with the remaining evidence. Rev. Stats., art. 2465; Duncan v. Taylor, 63 Texas, 645; Bank v. Lovenberg, 63 Texas, 506; Sayles' Civ. Stats., art. 1318, note 3; Ellis v. Mills, 28 Texas, 584.

2. The burden of proof was upon defendant to show that at the date of the trust deed E. G. Puckett was solvent. As the return of the sheriff showed that the goods levied on were in possession of Puckett, the defendant in attachment, the burden of proof on the whole case was correctly placed upon the defendant Greer, claimant of the property. Rev. Stats., art. 4830.

3. The court did not err in admitting in evidence the record of a deed from E. G. Puckett to E. C. Puckett. The evidence being on a collateral issue, and in rebuttal of the effect of oral evidence, introduced by defendant, that a deed had been executed to Puckett conveying the mill and gin property in question, the rule of secondary evidence, in which there are no degrees, does not apply. The inquiry was, not the terms of the deed, but the fact of the conveyance. 1 Greenl. Ev., secs. 89, 96.

4. The amendment of the petition was sufficient to sustain the attachment. Piggott v. Schram, 64 Texas, 450; Tarkinton v. Broussard, 51

Texas, 550; Pearce v. Bell, 21 Texas, 690; 1 Wade on Att., sec. 219; Blum v. Mays, 1 W. & W. Cond. Cases, sec. 475; Turner v. Brown, 7 Texas, 491.

HEAD, ASSOCIATE JUSTICE.—It seems that on the 23d day of July, 1888, E. G. Puckett executed a deed of trust on a stock of drugs to appellant as trustee, to secure a debt due by him to Behrens & Castles, of Waco, Texas, amounting to the sum of $312.83, with interest from July 21, 1888, at 12 per cent per annum. By the terms of said deed in trust the trustee was empowered to at once take sole and exclusive charge and possession of said property, to the exclusion of the mortgagor and all other persons, and the same sell for cash with all reasonable dispatch, at the usual selling market price thereof, and the proceeds of sale were to be applied, first, to the payment of a reasonable compensation to himself for his services in conducting said sale at the rate of $25 per month; second, to the payment and discharge of all accrued and accruing rents of the store house in which said goods were situated or might thereafter be situated; third, to the payment of the debt to Behrens & Castles; and as soon as all of said indebtedness was paid off, such deed of trust and all therein contained was to become null and void; but if within six months from the date thereof said trustee had not in the manner aforesaid fully paid off and discharged said indebtedness, then said trustee should advertise all of said property for ten days, by posting three written notices of sale at three public places in Hill County, Texas, and sell the same at the court house door in Whitney, where said goods were then situated, at public vendue to the highest bidder for cash, and with the proceeds of sale pay such indebtedness in the order above named; and it was further stipulated that the residue, if any, should be paid over to the mortgagor or his heirs and assigns.

On the 10th day of August, 1888, and before the debt to Behrens & Castles had been satisfied, appellee sued out, in the County Court of Hill County, a writ of attachment against Puckett for the sum of $279.80, and had the same levied upon the stock of drugs conveyed to appellant as aforesaid. Appellant filed his claim bond, and this suit is for the trial of the rights of property thereon. The issues tendered raised the question as to the validity of said deed in trust, plaintiffs alleging that it had been made in fraud of the creditors of Puckett. On the trial of the case in the court below the claimant offered in evidence the deed in trust from Puckett to him, to which plaintiff objected, for the reason that "it showed on its face that it was void as to creditors, in so much as it directed the trustee, Greer, to pay to the mortgagor all of the proceeds of the sale of the goods left in his hands after the satisfaction of the claims set out in said trust deed." In the bill of exceptions it is recited, that "the court sustained the objection of plaintiff without evidence, subject, however,

to a determination of the issue of the solvency or insolvency of E. G. Puckett at the time of the making of the trust deed; holding that in case the evidence showed that E. G. Puckett was solvent at said time the instrument would be admitted, otherwise it would be excluded; and further holding the burden of proof was upon the defendant to show the solvency of said Puckett at said time." It may be added here that the deed in trust contained no recital as to the solvency or insolvency of Puckett.

Appellant's first assignment of error calls in question the correctness of the ruling of the court upon the introduction of the deed of trust as above set forth, and we are of opinion that the specific objection made to the introduction of this deed, as shown by the bill of exceptions, was not well taken. It will be noticed that the only objection made to the deed was that it provided for the return of the surplus, after satisfying the debts it was made to secure, to the mortgagor, and this we think was entirely proper, and is the distinguishing feature between such an instrument and an assignment. If it was only intended that this instrument should have the effect of a mortgage, the provision complained of was proper, whether Puckett was solvent or insolvent. Johnson v. Robinson & Co., 68 Texas, 399.

The propositions presented by appellant, however, under this assignment seem to raise the question as to the validity of this deed in trust, had other objections been made to it; and as the case must be reversed upon grounds hereafter stated, we think it best to indicate our opinion as to the validity of the deed upon the grounds discussed in the briefs. We are of opinion, if Puckett was insolvent at the time this deed in trust was made, the provision empowering the trustee to hold possession of the goods for six months, during which time he was only authorized to sell at the usual selling market price, in connection with the great excess in the value of the goods conveyed above the debts secured, would make the deed fraudulent as to the other creditors of Puckett, who would thereby be unreasonably delayed. Gallagher v. Goldfrank, 75 Texas, 562; Gregg & Son v. Cleveland & Co., 82 Texas, 187. Where property is thus placed by an insolvent debtor in the hands of a trustee, so that his other creditors can not obtain possession thereof by means of the ordinary process for the collection of their debts, the deed must not be such as will prevent the trustee from promptly disposing of the property to pay the debt it is given to secure, and we are of opinion that an attempt by such a debtor to prevent the sale of his property for six months at other than the usual market price would of necessity be to delay and hinder his other creditors.

Appellant's second assignment of error complains of the action of the court in imposing upon him the burden of proving that Puckett was solvent at the time of the execution of the deed in trust, and we are of opinion that this assignment is well taken. It was the appellee who al-

leged the insolvency of Puckett and attacked the deed as being fraudulent for this reason, and we think it clear the burden was upon it to establish this fact; for if the deed upon its face was good if made by one who was solvent, but bad if made by an insolvent, certainly the presumption would be in favor of the validity of the instrument, and the burden would be upon the one alleging its invalidity.

Upon the trial in the court below, appellee, for the purpose of showing that Puckett was not the owner of a certain piece of land upon which was a mill and gin, was allowed to introduce the tax rolls to show that he did not render it for taxes, and appellant's third assignment complains of the admission of this evidence over his objection, and we are of opinion that this assignment is well taken. Appellee did not introduce the original assessment list signed by Puckett, but only the tax rolls, and we are of opinion that this could not be used as a statement made by Puckett as to his financial condition. Randidge v. Lyman, 124 Mass., 361; Adams & Co. v. Hickox, 55 Iowa, 632.

Upon the trial in the court below, appellee was allowed to introduce in evidence the record of a deed from E. G. Puckett to E. C. Puckett, conveying the land with the mill and gin thereon, referred to above, to which appellant objected because no predicate was laid for its introduction, and his fourth assignment of error complains of the action of the court in admitting this evidence, and we are of opinion that this assignment is well taken. The record of the deed at most could only have been admitted as secondary evidence under the objection made by appellant, and it is not made to appear that E. C. Puckett, who should have possession of this deed, was beyond the jurisdiction of the court, or that appellee could not for any other reason have obtained the original. We think it clear that appellant's objection to the record as secondary evidence should have been sustained. Where an instrument in writing which a party desires to use in evidence is in the possession of a third party, he must either have it produced under a subpœna duces tecum or show that it is beyond his power to produce it in some other way, before he will be allowed to introduce secondary evidence of its contents. Hall v. York, 16 Texas, 18. The fact desired to be proven by the introduction of this deed was the actual conveyance of the land by Puckett, and to thereby show that he was not the owner thereof at the time of the execution of the deed in trust, and for this purpose we think it clear that the deed itself was the best evidence. 1 Whart. Law of Ev., sec. 61.

By the fifth assignment of error the appellant attacks the validity of the attachment levied by appellee on the goods, on the ground that the petition filed by appellee at the time of suing out this attachment showed that the court had no jurisdiction of the case. The petition in this attachment case alleged that the plaintiff sold to the defendant (Puckett) goods, etc., to the amount of $279.80, and that defendant failed to pay

said sum, except the sum of——dollars, paid on the——day of——, 188—, to plaintiff's damage $100, etc.   The affidavit for attachment and the writ, however, both show the indebtedness to be $279.80, and thereafter the appellee, by leave of the court, amended its petition and showed the indebtedness to be for the same amount, and judgment was rendered for this amount upon this amended petition.   Appellant's contention is that the original petition only claimed an indebtedness of $100 at the time the attachment was issued, and the County Court had no jurisdiction of the case, and the petition could not be thereafter amended so as to support an attachment issued in a case without jurisdiction.   Without deciding that the construction placed by appellant upon the original petition is the correct one, we are of opinion that the amendment cured any objection that might have been urged to it.   It will be noted that the amendment was of the petition, and not of the affidavit or writ of attachment.   That this can be done so as to support the attachment, we consider settled by the decisions of our Supreme Court.   Tarkinton v. Broussard, 51 Texas, 550; Marx & Kempner v. Abramson, 53 Texas, 264; McDannell v. Cherry, 64 Texas; 177; Ward v. Lathrop, 11 Texas, 287.

For the errors above indicated, we are of opinion that the judgment of the court below should be reversed and the cause remanded for a new trial in accordance with this opinion.

*Reversed and remanded.*

Delivered December 20, 1892.

Chief Justice Tarlton did not sit in this case.