J. M. Guffey Petroleum Company v. C. G. Hamill.

Decided February 28, 1906.

1.—Pleading—Specific Allegations of Details not Necessary.

In a suit upon a contract for boring a well, where the petition fully and clearly sets up the contract for boring, alleging the depth of the well, the price to be paid per foot, the reasonable value of a liner, the performance of the work and an acceptance of the same by the owner, the petition was sufficient, and it was unnecessary for the pleader to go into details as to the size of the hole, the kind of well, etc.

**2.—Absence of Proof—Refusal to Submit Issue—Harmless Error.**

There being no evidence of the market value of the casing sued for by defendant, the court properly refused to submit that issue, and the verdict of the jury on other issues excludes the supposition that defendant was prejudiced by such refusal.

**3.—Remarks of Counsel.**

Upon the court sustaining objections to certain testimony offered by plaintiff his counsel remarked, "that's all right, it doesn't hurt much;" and again when counsel for defendant announced they would object to certain testimony when offered, counsel for plaintiff said, "I have no doubt you will," held, not cause for reversal.

**4.—Recalling Witness.**

By recalling witness of opposing party for the purpose of laying a predicate for contradicting him, does not make such witness the witness of the party recalling him.

**5.—Accrual of Interest.**

Revised Statutes, art. 3102, concerning interest on open accounts has no application to a demand for the contract price for boring a well.

Appeal from the District Court of Jefferson. Tried below before Hon. L. B. Hightower.

*Greers, Nall & Neblett,* for appellant.—It was error to overrule defendant's third special exception, because the allegations of plaintiff's petition as to the terms of the contract sought to be enforced, as to the duties and obligations of each party, the character of the well to be bored, whether cable or rotary, the character of liner to be put in the well, the time within which the work was to be done and the time when plaintiff could rightfully demand pay for his work, are too general to inform defendant what plaintiff would offer as proof and to enable defendant to prepare its defense. Boettler v. Tendick, 73 Texas, 491; Mims v. Mitchell, 1 Texas, 446; Moody v. Benge, 28 Texas, 547.

The petition should contain a plain, positive statement of facts constituting plaintiff's cause of action and should not leave the existence of material facts to be deduced from other facts alleged, but said pleadings should disclose all the facts fully which are relied on by plaintiff so as to apprise the defendant of what he is required to answer. Thompson v. Eanes, 32 Texas, 194; Gaudalupe County v. Johnson, 20 S. W., 833; Ewing v. Duncan, 81 Texas, 237.

Where plaintiff attempts to show he has complied with his contract and that his work has been accepted by agents or officers of a corporation, he should go further and allege what officers or agents accepted the same, or circumstances to show that such officers or agents were authorized to accept the work, or some fact to show that their acts had been ratified by the corporation itself. Southern Pacific R. R. Co. v. Maddox, 75 Texas, 300; Gulf, C. & S. F. R. R. Co. v. Reed, 80 Texas, 362.

Where plaintiff in his pleading set up a contract between plaintiff and defendant, which is in writing, the terms of the contract alleged to be in writing should be set out with sufficient certainty so as to charge defendant with the issues on which plaintiff is relying, the date of the contract should be stated, or allegations should be made

showing why a better description can not be given. Schneider v. Ferguson, 77 Texas, 572; Beck v. Avondino, 82 Texas, 316.

A supplemental petition should contain allegations of facts not before alleged by plaintiff, and only those which are in reply to facts which have been alleged by defendant and a new, a different, or enlarged cause of action can only be set up in an amended petition. Rule 5, District and County Court, 84 Texas, 708; Parker v. Panhandle Nat. Bank, 34 S. W. Rep.; 197; Gulf, C. & S. F. Ry. Co. v. White, 32 S. W. Rep., 324; East Texas Fire Insurance Co. v. Brantley, 4 W. & W. Civil Appeals, 64; Crescent Insurance Co. v. Camp, 64 Texas, 521; Lynch v. Ortlieb, 28 S. W. Rep., 1019; Lamb & Wynn, v. Beaumont Temperance Hall Co., 2 Texas Civ. App., 289.

It being a question of fact for the jury as to whether or not plaintiff did comply with his contract in boring McFaddin well No. 23, and the court having submitted said question to the jury, should have also submitted to the jury the value of the pipe lost by defendant in the event the jury found against plaintiff, there being sufficient proof to authorize said submission. Galveston, H. & S. A. R. R. v. Jackson, 93 Texas, 263; Mayo v. Tudor, 74 Texas, 474; Gulf, C. & S. F. Ry. Co. v. Finley, 11 Texas Civil Appeals, 64; Missouri, K. & T. Ry. Co. v. Phillips, 35 S. W. Rep., 745; Gulf, C. & S. F. Ry. Co. v. Pendry, 87 Texas, 553.

The court committed material error, for which the judgment should be reversed, in directing the jury to find against appellant upon proof that the well in question was bored to the required depth and the casing set therein of the size of six and five-eighths inches, so as to shut off water, clay, sand and other foreign substances from passing below the bottom of the casing, and the well baled dry and that the well was completed to the satisfaction of defendant's field superintendent, because the issue thus submitted was not warranted by, and was contrary to the pleadings of the plaintiff upon which the case was tried. The charge ignores the placing of a liner in the well after the casing was set. Western U. Tel. Co. v. Bowen, 97 Texas, 621; Cotton States Building Co. v. Jones, 94 Texas, 500; Loving v. Dickson, 56 Texas, 75; Houston & T. C. R. R. Co. v. Terry, 42 Texas, 451; Texas & P. R. R. Co. v. French, 86 Texas, 96; Markham v. Carothers, 47 Texas, 22; Taylor, B. & H. R. R. Co. v. Warner, 88 Texas, 642.

The conduct and comments of the attorney for plaintiff were improper, calculated to prejudice the minds of the jurors and divert their attention from the true issues in the case, and such conduct is error, for which the judgment should be reversed. Western U. Tel. Co. v. Perry, 95 Texas, 645; Galveston, H. & H. R. Co. v. Cooper, 70 Texas, 69; Moss v. Sanger, 75 Texas, 321; Dillingham v. Scales, 78 Texas, 205; Chicago & Rock Island R. R. v. Langston, 92 Texas, 709.

It was error in the court to permit the plaintiffs, over objection of defendant, to recall the witness Barnes, as a witness for defendant, for the express purpose of laying predicate to impeach the witness. Ellicott v. Pearl, 10 Peters, 412 (Lawyer's ed., 475); Smith v. Provident Sav. L. A. Association, 65 Fed. Rep., 765.

It was error to allow plaintiff interest on his claim from November, 1903, because the work was done upon open account, and it did not

mature and become collectable so as to bear interest until January after the completion of the work. Art. 3102, Rev. Stats.; International & G. N. R. R. v. Lewis, 23 S. W. Rep., 324; Ft. Worth & D. C. R. R. v. Greathouse, 82 Texas, 104.

· *Hardy & Hardy,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee instituted this suit to recover of appellant the amount due on contracts for boring and placing liners in two wells, the aggregate amount being $2,800. It was alleged that $190 was due for boring McFaddin well number 17, $200 for putting a liner in that well and $2,410 the contract price for McFaddin well number 23. Appellant filed general and special exceptions and answered by general denial and alleged that appellee had ruined well 23 and that he was liable for the value of the pipe used in it, and also that appellee was indebted to it in the sum of $46 for oil that it had sold him. A trial by jury resulted in a verdict for appellant as to the boring of well number 17; for appellee for $2,610 for placing the liner in well 17 and boring well 23, and against appellant on its plea in reconvention.

Through what appellant denominates the third, fourth, fifth, sixth and seventh "specifications" but which will be considered as being intended for assignments of error, it is urged that the court erred in overruling certain special exceptions· to the original petition. The court did not err in his action on the exceptions. The petition fully and clearly sets up contracts for boring wells numbers 17 and 23 at $2.50 a foot for the depth bored, and for placing a liner in well number 17, that the liner was of the reasonable value of $200, and that the depth of well 23 was 964 feet. Appellee was not required to go into the details as to the size of the hole that was to be bored, nor as to whether it was a cable well, and it was fully stated that the money was due when the well was completed and that it was completed and accepted. The allegations are as follows: "That by the terms of said verbal contract, the defendant obligated itself to pay the plaintiff the sum of $2.50 per foot for said hole for the depth bored; that thereafter on the 6th day of October, 1903, the plaintiff completed said contract by boring said well or hole and setting said casing as required by the terms of said verbal contract, and by placing a liner in said well, the depth of the same being nine hundred and sixty-four feet, whereby the plaintiff became entitled to the sum of $2,410, and by the terms of said verbal contract, the defendant obligated itself to pay plaintiff the said sum of $2,410, that the sum often demanded heretofore is past due and wholly unpaid." It was further alleged that the well was to be bored on Spindle Top Heights, to the cap rock, and when completed was accepted by appellant. It would make no difference what the size or character was, nor what kind of liner was to be placed in the well, for appellant accepted the well when completed. There is no merit whatever in the exceptions.

We can not sustain the ninth and tenth assignments of error. In the supplemental petition it was alleged that a written contract had been entered into between appellant and appellee for the latter to bore

a well known as "well 18" and that the verbal contract was to be governed by the terms of that written contract, which was in the possession of appellant, and that the terms were stated in the original petition. The allegations were sufficient as to the terms of the contract. The facts given were in reply to appellant's answer and were properly included in the supplemental petition.

The evidence showed that appellant employed appellee to bore well number 23 and agreed to pay him $2.50 a foot for a well completed to the cap rock on Spindle Top Heights, and that appellee bored the well to the cap rock, a distance of nine hundred and sixty-four feet, and that appellant refused to pay him for it. He also put the liner in well 17, as contracted for by appellant, and the job was reasonably worth the sum of $200, which was the amount allowed by the jury. It follows that the court did not err in refusing to instruct a verdict for appellant as requested by it.

The evidence failed to establish any market value for six and five-eighths inch casing in Jefferson County in 1903, and the court properly refused to give a special charge which instructed the jury that under certain circumstances they should find for appellant for the market value of the casing. The charge assumed that there was a market value. The court instructed a verdict against appellant in its cross-action for the casing, and while in the eighteenth assignment of error it is stated that the court erred in such instruction the assignment is grouped with one complaining of the refusal to give the special charge and the only proposition under the two assignments is in regard to such refusal. Again, the court fully submitted the question of whether appellee complied with the contract and the jury must have found that he did so in order to have returned a verdict for him. It follows that the refusal to make the plea in reconvention an issue could not have damaged appellant, because the only ground on which a verdict could have been found in favor of appellant on its plea in reconvention was that appellee failed to comply with his contract. If the jury had found that appellee had not bored the well according to the contract, then appellant might have cause to complain that his plea in reconvention was not submitted, but the very fact that the jury found that the contract was fully complied with, disposed of a plea in reconvention based on its breach.

The fourteenth, fifteenth and twenty-first assignments of error are not well taken. When the different parts of the charge are read in connection with each other, they fully present the issues raised by the pleadings and supported by the evidence. In the fifth paragraph the jury is given a correct instruction as to what the contract contained that was alleged in appellee's pleadings and proved without controversy. The allegations in the original petition and in the supplemental petition must be read together, and the latter must not be ignored and disregarded as is done by appellant. The placing of a liner in the well was not ignored, as stated by appellant, but is fully presented to the jury in a clear and lucid manner.

There is no merit in the sixteenth assignment of error which complains of a charge which informed the jury that appellee could not recover if he had not completed the well in accordance with the terms of

the contract and to the satisfaction of the field superintendent of appellant. What the ground of complaint to the charge may be is not apparent from the brief.

Appellee swore that well number 23 was satisfactory to and was accepted by the field superintendent. The latter denied this, but the jury seem to have given credence to the testimony of appellee as they were authorized to do. It follows that an assignment based on the assumption that the well was not accepted by the field superintendent is without support.

The language used by counsel for appellee was not calculated to influence the jury and the objections to it are without merit. It seems that the court sustained objections to certain testimony offered by appellee and his counsel remarked, "That's all right; it doesn't hurt much," and again, counsel for appellant announced that they would offer objections to certain testimony and counsel for appellee said, "I have no doubt you will." It is apparent that a reversal of a judgment could not be predicated on the use of such language, for if such were the case few judgments indeed could withstand the effect of cross-firing and repartee that usually occurs among lawyers. It would be a singular jury that would be so influenced by such trivial remarks as to return a verdict contrary to law and evidence.

After the witness, Barnes, had testified for appellant, the court, over the objection of appellant, permitted appellee to recall the witness for the purpose of asking him certain questions and laying a predicate for impeaching him, by showing that he had made contradictory statements. That action of the court is made the subject of the twenty-seventh assignment of error. Barnes had not been used as a witness by appellee, and he did not make him his witness by recalling him for the purpose mentioned. The action of the court was not erroneous. Greenl. Ev., sec. 462; Elliott Ev., sec. 944; Fuller v. State, 30 Texas Crim. App., 559; Crawleigh v. Galveston, H. & S. A. Ry. Co. (Texas Civ. App.), 67 S. W. Rep., 140.

The contract provided that the work of appellee should be paid for when the well was completed to the satisfaction of the field superintendent and interest would accrue on the amount of the claim from the time it was accepted which was at some time before November 1, 1903, the date from which interest was allowed by the court. Art. 3102, Rev. Stats., has no application to such a claim as the one sued on in this case.

*Affirmed.*

Writ of error refused.