## WESLEY McDANIEL v. NATIONAL STEAM LAUNDRY COMPANY.

No. 3132.   Decided October 18, 1922.

(244 S. W., 135).

### 1.—Jurisdiction—Amount in Controversy—Interest.

Interest recoverable *eo nomine* is not taken into consideration in determining whether the entire amount sued for is within the jurisdiction of the court. But interest recoverable as damages does become a part of the amount in controversy, and therefore determines the jurisdiction. (p. 57).

### 2.—Same.—Statute.

Interest not specified by contract cannot be allowed *eo nomine* unless especially provided by statute (Rev. Stats., arts. 4977, 4978, 4981); but in many instances it may be assessed as damages where necessary to indemnify a party for an injury inflicted by his adversary, following the statute as to rate, though the statute be silent on the subject. (pp. 57, 58).

### 3.—Same—Open Account.

An open account, upon which by statute (Rev. Stats., art. 4978) interest is recoverable *eo nomine*, applies to and includes only transactions of purchase and sale of personal property by which the relation of debtor and creditor is created. It does not include an indebtedness for labor (such as here for services in laundering clothes). Interest upon such a debt is not recoverable as such, but only as an element in the damages allowed; and so it constitutes a part of the amount in controversy exclusive of interest by which the jurisdiction is determined. (p. 58).

### 4.—Cases Discussed.

Pecos & N. T. Ry. Co. v. Rayzor, 106 Texas, 544; Ft. Worth & R. G. Ry. Co. v. Mathews, 108 Texas, 228; Heidenheimer v. Ellis, 67 Texas, 426; McCamant v. Batsell, 59 Texas, 363; Guffey Petroleum Co. v. Hamill, 42 Texas Civ. App., 196; Couturie v. Roensch, 134 S. W., 416; Robinson v. Lingener, 183 S. W., 850; Bishop v. Mount, 152 S. W., 442; Oden & Co. v. Vaughn Grocery Co., 34 Texas Civ. App., 115; Wroten Grain & L. Co. v. Mineola Box Mfg. Co., 95 S. W., 744; Garwood v. Schlichenmaier, 60 S. W., 573; Murray v. McCarty, 2 Willson, Civ. Cases, sec. 107; Austin & N. W. Ry. Co. v. Daniels, 62 Texas, 70; Close v. Fields, 13 Texas, 623; Commercial & A. Bank v. Jones, 18 Texas, 811; Fowler v. Davenport, 21 Texas, 635; Houston & T. C. Ry. Co. v. Jackson, 62 Texas, 209; Baker v. Smelser, 88 Texas, 26; Watkins v. Junker, 90 Texas, 584; Shulz v. Tessman, 92 Texas, 491; McNeill v. Casey, 135 S. W., 1130; Sims v. Sinton State Bank, 238 S W., 316, are discussed and followed. (pp. 58-60).

### 5.—Case Stated.

Suit was brought in Justice Court to recover $199.30, the amount of various charges for laundry work done by plaintiff for defendant, and also

for interest thereon from the first of January after its accrual, such bills, with interest at the legal rate making a total of more than two hundred dollars due at the time suit was brought. *Held*: that the action was not one upon an "open account," on which the interest would be recoverable as such under article 4978, Revised Statutes; that the interest was recoverable, not as interest *eo nomine*, but as a part of the damages, and hence a part of the amount in controversy; and that the action was for an amount beyond the jurisdiction of the Justice Court.

Question certified from the Court of Civil Appeals for the Seventh District, in an appeal from the County Court of Grayson County.

Recovery by the National Steam Laundry Co. against Wesley McDaniel and George Burrows, defendants, was, on appeal by them, affirmed by the Court of Civil Appeals, with a dissenting opinion. On motion for rehearing the question here determined was certified to the Supreme Court; and was by them referred to the Commission of Appeals, Section B, for their opinion. This having been adopted by the Supreme Court, it is accordingly certified to the Court of Civil Appeals as their opinion.

*O. B. Pirkey* and *Cox & Cox*, for appellants.

Interest on agent's account is not accounted interest, but damages, and if the amount claimed as interest is sufficient added to the original debt, to go beyond the jurisdiction of the court in which suit is filed, the court has no jurisdiction. McNeal v. Casey, 135 S. W., 1130; Coleman v. Anheuser Busch, Brew. Assn., 39 S. W., 1088; De-Long v. Miller, 37 S. W., 191. An account or debt due by a laundry agent, who as agent receives laundry and collects for same and fails to remit is not an account as contemplated by the Statute authorizing interest from the first of the year after said amount is due at the rate of six per cent per annum. Mc Camant v. Batsell, 59 Texas, 363; Coleman v. Anheuser Busch Brew. Assn., 39 S. W., 1088; DeLong v. Miller, 37 S. W., 191; Garwood v. Schlichenmaier, 60 S. W., 573.

*J. P. Leslie, Madden, Truelove, Ryburn & Pipkin,* and *T. H. Cody,* for appellee.

"The authorities are unanimous in holding that interest, *eo nomine,* does not enter to determine jurisdiction, but that when it is recoverable as a part of the damages it must be considered." Hawkins on Appellate Civil Jurisdiction, p. 102, citing Ft. Worth Stockyards Co. v. Witherspoon, 166 S. W., 502, and numerous other authorities. The same work, on page 104, states: "As a general rule, interest is recoverable *as damages* for breach of contract from the date of the accrual of the cause of action, statutory exceptions being (a) in the case of *open accounts* . . . though interest is recoverable *eo nomine* under both exceptions" citing R. S. 4978; Erb-Springall Co. v. Pittsburg Plate Glass Co., 101 S. W., 1165.

Mr. Judge POWELL, delivered the opinion of the Commission of Appeals, Section B.

This cause is before the Supreme Court upon the following certificate from the Honorable Court of Civil Appeals for the 7th district:

"The National Steam Laundry Company, appellee in the above styled and numbered cause, sued Worley McDaniel and Geo. Burrows, in the Justice Court. Following trial and judgment in said court appeal was taken to the County Court, where judgment was rendered in favor of said Laundry Company for [against] said defendants for the sum of $214. Appeal was duly taken from said judgment to this court. The judgment of said court has been heretofore affirmed and the case is now pending in this court on motion for rehearing.

"The suit was filed in the Justice Court on February 24, 1916. Plaintiff's pleadings were oral, the only statement thereof being the following notation on the docket of the Justice Court: 'Suit upon guaranty for $199.30, of date ——, due ———, interest ——,' and the statement in the citation issued in said cause, to the effect that the suit was upon 'an itemized and verified claim for $199.30, with interest from January 1, 1916, on laundry work done for said Worley McDaniel and guaranteed in writing by the said G. W. Burrows.' The 'account' which was verified, appears to have been a statement of various charges for laundry work done by the laundry company for Worley McDaniel. This 'account' was offered in evidence and in addition testimony by the Laundry Company, to the effect that it was correct, and that after it had been rendered the defendant, agreed to pay it. There was also introduced in evidence a letter written by Burrows preceding the date of the charges, guaranteeing the payment of charges for laundry work done for the said Worley McDaniel.

"On this appeal the appellants suggest that the Justice Court was without jurisdiction, because any interest that might be recovered as prayed for would be recoverable only as damages and not as interest *eo nomine,* and the amount in controversy thus exceeded $200, and prayed that the judgment of the county court be reversed and the case dismissed. This court overruled this contention and affirmed the case, one of the members of the court dissenting from this conclusion, and as stated, the case is now pending in this court on motion for rehearing.

"In view of the dissenting opinion and the apparent confusion in the law which should control the disposition of the question thus presented, we deem it proper to certify to your Honorable Court for decision the following question:

" 'Under the facts stated, was the amount in controversy in this suit within the jurisdiction of the Justice Court?' "

Section 19 of Article 5 of our State Constitution confers upon Justices of the Peace jurisdiction "in civil matters of all cases where the amount in controversy is $200 or less, exclusive of interest, of which exclusive original jurisdiction is not given to the district or county courts."

As shown by the certificate, the Laundry Company, in the lower courts, sued for $199.30 with interest from January 1, 1916, The suit itself was instituted February 24, 1916, and this interest in controversy, covering a period of almost two months at the time the suit was filed, would, if added to the principal amount sued for, result in a sum exceeding $200. Therefore, if this item of interest is of the kind which becomes a part of the "amount in controversy," the justice's court did not have jurisdiction of the cause. Hence, the query is whether or not said interest was of that kind.

It is well-settled law of this State that interest recoverable *eo nomine* is not taken into consideration in determining whether the entire amount sued for is within the jurisdiction of the court. But, interest recoverable as *damages* does become a part of the amount in controversy and therefore determine the jurisdiction of the courts. Pecos & N. T. Ry. Co. v. Rayzor, 106 Texas, 544, 172 S. W., 1103; Ft. Worth & R. G. Ry. Co. v. Mathews, 108 Texas, 228, 191 S. W., 559.

In the case of Heidenheimer v. Ellis, 67 Texas, 426, 3 S. W., 666; Judge Gaines says: "Interest cannot be allowed *en nomine* unless *especially provided for by statute;* but in many instances it may be assessed as *damages* when necessary to indemnify a party for an injury inflicted by his adversary though the statute be silent upon the subject." This test laid down by Judge Gaines has never been questioned by our courts. Our statutes, in the title on *interest*, first define interest in general, then legal interest and conventional interest in turn. Articles 4973, 4974 and 4975 of Vernon's Sayles' Revised Civil Statutes of Texas of 1914.

After that, the statutes proceed to *"especially provide"* for interest in three different articles, as follows:

Art. 4977 reads: "On all written contracts ascertaining the sum payable, when no specified rate of interest is agreed upon by the parties to the contract, interest shall be allowed at the rate of six cent per annum from and after the time when the sum is due and payable."

Art. 4978 reads: "On all open accounts, when no specified rate of interest is agreed upon by the parties, interest shall be allowed at the rate of six per cent per annum from the first day of January, after the same are made."

Art. 4981 reads: "All judgments of the several courts of this state shall bear interest at the rate of six per cent per annum from and after the date of the judgment, except where the contract upon

which the judgment is founded bears a specified interest greater than six per cent per annum and not exceeding ten per cent per annum, in which case the judgment shall bear the same rate of interest specified in such contract and after the date of such judgment.''

Interest provided for in the three articles above quoted is interest *eo nomine* and is not taken into consideration in determining jurisdiction of courts. Under the facts of the case at bar, only one of these articles could *possibly* be applicable and that is the one allowing interest, as a matter of law, on ''open accounts'' from and after the 1st day of January after they are made. Is this suit within this statute?

The pleadings show that there was an attempt to bring this action as a so-called ''open account.'' The account was verified in the manner provided by the statute in such cases. Article 3712 of Vernon's Sayles' Statutes aforesaid. There was a prayer for interest from January 1st, after the laundry work had been done.

But, we do not think this account was an open account *within the meaning of our statutes.* The leading case in Texas defining an ''open account'' as used in our statutes is that of McCamant v. Batsell, 59 Texas, 363. In that case we are favored with a very able opinion by Justice STAYTON. He discusses ''accounts'' and ''open accounts'' in various ways and says:

''As used in the statutes of this State, in act referred to, we believe that the word ''account'' is used in its popular sense, rather than in a technical sense, and that it applies to transactions between persons in which, by sale upon the one side and purchase upon the other, the title to personal property passes from the one to the other, and the relation of debtor and creditor is thereby created by general course of dealing; and that it does not mean one or more isolated transactions resting upon special contract.''

This opinion by Judge STAYTON has become the thoroughly settled rule of decision in Texas. It has, without exception, so far as we can ascertain, been followed by every appellate court in Texas from the day it was written to the present time. There are numerous Texas cases holding that unless the account sued upon grows out of the sale and purchase of personal property, interest as such is not recoverable under aforesaid article 4978 of our statutes, but must be recovered as *damages.* We refer to a few of these cases as follows: Guffy Petroleum Co. v. Hamill, 42 Texas Civ. App., 196, 94 S. W., 458: Couturie v. Roensch, 134 S. W.; 416; Robinson v. Lingener, 183 S. W., 850.

The Texas Courts have held that an implied agreement to pay for services in looking after pasture, fences and caring for stock, as well as commissions claimed to be due a real estate broker, was not an open account within the statute. Myers v. Grantham, 187 S. W., 532.

They have further held that an amount due for board and wages for working in a gin; items of freight paid for another; money advanced under a contract; a physician's bill for professional services; claims for damages accomplished by loss or destruction of goods; for removing and appropriating cross-ties; for services as a train conductor; for money due a lawyer for professional services are not open accounts within the meaning of our statutes. Bishop v. Mount, 152 S. W., 442; Oden & Co. v. Vaughn Grocery Co., 34 Texas Civ. App., 115, 177 S. W., 967; Wroten Grain & Lumber Co. v. Mineola Box Mfg. Co., 95 S. W., 744; Couturie v. Roensch, 134 S. W., 416; Garwood v. Schlichenmaier, 60 S. W., 573; Murray v. McCarty, 2 Wilson, Civ. Cases, sec. 107.

The account of the Laundry Company in the case at bar does not meet the test laid down by Judge STAYTON and is not an open account within the meaning of our statutes. It did not in any sense involve the sale of personal property, but was an account for labor or services in laundering clothes. Our Supreme Court early decided that a labor account was not an open account within the purview of our statutes. Austin & N. W. Ry. Co. v. Daniels, 62 Texas, 70. This decision has been repeatedly followed in our State and never questioned.

The case we have before us is but a suit for compensation for labor and a penalty for delinquency in its payment, and, at most, would be within that class of cases in which a sum equal to the legal rate of interest may be recovered as *damages* for detention of money or some other delinquency. It is well settled that, in such cases, interest is recoverable solely as damages and must be taken into consideration in determining whether the entire amount sued for is within the jurisdiction of the court. Interest recoverable as damages arising either from a breach of contract or tort is considered in ascertaining jurisdiction. Close v. Fields, 13 Texas, 623; Commercial & A. Bank v. Jones, 18 Texas, 811; Fowler v. Davenport, 21 Texas, 635; Houston & T. C. Ry. Co. v. Jackson, 62 Texas, 209; Heidenheimer v. Ellis, 67 Texas, 426, 3 S. W., 666; Baker v. Smelser, 88 Texas, 26, 29 S. W., 377, 33 L. R. A., 163; Watkins v. Junker, 90 Texas, 584, 40 S. W., 11; Shulz v. Tessman, 92 Texas, 491, 49 S. W., 1031; McNeill v. Casey (Tex. Civ. App.), 135 S. W., 1130; Robinson v. Lingener (Tex. Civ. App.), 183 S. W., 850; Sims v. Sinton State Bank, 238 S. W., 316.

The case of Baker v. Smelser, 88 Texas, 26, states the rule clearly and forcibly as follows:

"Our statutes make no provision for allowing interest in actions of this character; but it belongs to a class of cases in which interest upon the amount of the pecuniary loss inflicted by the injury is allowed as a part of the damages. It is clear, that in a suit for the conversion of a specific sum of money, a recovery of that sum, without

an allowance for the use of the money, would not adequately compensate the loss. The rate of interest established by law being a fixed standard of the value of the use of money, is adopted by the court as the *measure of that damage in such a case.* When the statute does not expressly provide for the recovery of the interest, it is allowed not *eo nomine*—that is, not as interest, but merely as damages. It would probably be more correct to say that rate of interest is resorted to, in order to measure the damages accruing from the loss of the use of the money. As in case of the conversion of money, so in the case of the conversion of goods, and in many others in which the statute does not expressly create a legal liability for interest. Heidenheimer v. Ellis, 67 Texas, 425.''

In the case last quoted from there was a suit for the recovery of goods valued at $1000, with interest from the date of their appropriation. The Supreme Court held that such interest during this period of detention was recoverable as damages and that it had jurisdiction.

After diligent search, we find no authority in this State which we think would bring the case at bar within the jurisdiction of the Justice Court. In concurring with his associate on the Court of Civil Appeals in originally affirming this judgment, one of the Justices frankly admitted that his decision was contrary to the holdings of our Supreme Court in the cases of McCamant v. Batsell and Heidenheimer v. Ellis, *supra,* as well as various decisions of the Courts of Civil Appeals which followed in their wake. But this Justice says, in conclusion, that, in his opinion, the decisions of our courts had not so *definitely settled* the questions as that they ''should not be free to decide them on correct principles.'' Consequently, the majority of the Court of Civil Appeals in the case before us in effect admitted that in holding that this cause was within the jurisdiction of the Justice Court they were establishing a new rule in Texas.

After carefully considering the decisions, we have concluded that the rules laid down by Judges STAYTON and GAINES in many cases are correct in principle. At any rate, they have stood the test of the ages and we see no reason for departing from them at this time. Nor, has the Legislature, during all the intervening years, seen fit to change these rules in any way by legislation.

We conclude that the case at bar was not within the jurisdiction of the Justice Court. Therefore, we recommend that the certified question be answered in the negative.

BY THE SUPREME COURT

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton, Chief Justice.*