### CLARK et al. v. EL PASO COUNTY WATER IMPROVEMENT DISTRICT NO. I.
#### (No. 2033.)

Court of Civil Appeals of Texas. El Paso.
May 26, 1927.

1. Courts ⚖➡169(2)—County court at law has no jurisdiction of action for $1,000 and interest brought against water improvement district for flooding premises (Acts 35th Leg. [1917] c. 93, § 2; Const. art. 5, § 16; Rev. St. 1925, art. 1950).

Prayer for recovery of $1,000, with interest at legal rate, *held* to take case outside jurisdiction of county court at law, in action against water improvement district for flooding plaintiffs' premises, since interest recoverable as damages is considered in ascertaining jurisdic-

tion, and county court has no jurisdiction when matter in controversy exceeds $1,000, in view of Acts 35th Leg. (1917) c. 93, § 2, Const. art. 5, § 16, and Rev. St. 1925, art. 1950.

**2. Damages ⊚⇒69—In tort cases, interest is allowed as damages and interest rate is resorted to in measuring damages accruing from loss; "eo nomine."**

Statute does not expressly provide for recovery of interest in tort matters ·and in such cases it is allowed not "eo nomine," that is, not as interest, but merely as damages, and rate of interest is resorted to in order to measure damages accruing from loss.

**3. Appeal and error ⊚⇒20—Where trial court is without jurisdiction, appellate court is also without jurisdiction.**

Where trial court is ·without jurisdiction, Court of Civil Appeals is likewise without jurisdiction.

Higgins, J., dissenting in part.

Error from El Paso County Court at Law; J. M. Deaver, Judge.

Action by Myra Prater Clark and another against the El Paso County Water Improvement District No. 1. Judgment for defendant, and plaintiffs bring error. Remanded, with directions.

Leigh Clark and John T. Hill, both of El Paso, for plaintiffs·in error.

R. F. Burges, of El Paso, for defendant in error.

WALTHALL, J. This suit was brought in the El Paso county court at law by Mrs. Myra Prater Clark, joined in the suit by her husband, Judge Leigh Clark, as plaintiffs, against defendant, El Paso county water improvement district No. 1.

In their original and first-amended original petition plaintiffs seek to recover of defendant the sum of $1,000 as damages resulting from alleged negligent acts of defendant, and interest thereon from about the 1st day of March, 1924, the time when said damage is alleged to have occurred, in the flooding of plaintiff's premises and house at San Elizario, in El Paso county, through canals, ditches, and lateral ditches, parts of an irrigation system, alleged by plaintiffs to be owned by the defendant.

Plaintiffs allege, in substance, that on or about March 1, 1924, defendant was the owner of the irrigation system in El Paso county consisting of certain described canals, ditches, lateral ditches, and other appointments used by defendant irrigation district, for the distribution of water for the irrigation of the lands in said district; that defendant district was and is a public municipal conservation and reclamation corporation duly organized and acting as such under the Constitution and laws of this state; that as .the owner of said irrigation system the de-

fendant, by and through its officers, entered into certain contracts with the United States through its proper officers for the purpose of improving and extending its said system of canals and ditches whereby the two, acting together, were to co-operate in the doing of said work, building up and creating said irrigation system and increasing the scope and water carrying capacity of the canals and ditches of said irrigation system, and to facilitate delivery and distribution by the defendant through its said canals and ditches of water for irrigation to the lands in said district; that in the months of January and February, 1924, the defendant district and· the United States, in co-operation, undertook to and did alter, widen, deepen, and raise the banks and remove check gates, and put in new check gates in said ditches, and especially those lateral ditches passing in front and to the west of plaintiffs' house and premises at San Elizario; that in the doing of said work in the lateral ditches west of plaintiffs' house and premises the intake gate and part of the conduit connecting therewith were negligently left jutting out to the middle of the ditch as widened and supported only by a small strip of earth underneath; that the United States and defendant were jointly and severally negligent in turning the water into said ditches for the first time after the widening, deepening, and raising the rim of the banks of said ditches without test, trial, and inspection, and the· constant, diligent watching of so great a volume and rapid flow of water into said ditches, and in permitting said flow of water to increase in volume until it reached the rim top of the banks of the ditches to the west of and in front of plaintiffs' house, garage, and patio, and to such extent that by reason thereof plaintiffs' house, and other parts of said properties connected therewith, were inundated and damaged $1,000.

Defendant made general denial, and specially says that it is not true that defendant, either at the time alleged in plaintiffs' petition, or at any other time, owned or operated, or had any part in .owning or operating, the ditches referred to in plaintiffs' petition, or any other irrigating ditches in El Paso county; that it is not true, as alleged, that defendant ever widened, deepened, altered, or changed in any manner, or caused to be widened, deepened, altered, or changed in any manner any of the ditches described in plaintiffs' petition; that said ditches are not owned, controlled, or operated by defendant, or under its authority, and have never been; and that, so far as defendant is advised and believes, the ditches are owned, controlled, and operated by the government of the United States af America, and by the Department of the Interior thereof.

Evidence was heard and judgment was entered that plaintiffs take nothing by their

suit, to which plaintiffs excepted, and prosecute this appeal.

[1] In plaintiffs' prayer the petition alleges:

"Plaintiffs pray judgment as was originally prayed in their first original petition and herein by their first-amended original petition against the defendant, the El Paso county water improvement district No. 1, in the sum of $1,000 for their actual damages aforesaid, together with interest thereon at the legal rate, from the 1st day of March, A. D. 1924, to the date of trial and judgment herein, and plaintiffs pray for general relief and costs."

The Thirty-Fifth Legislature, 1917, by chapter 93, created the El Paso county court at law, and by section 2 of the act provided that said court shall have jurisdiction of all civil matters and causes original and appellate over which, by the general laws of this state, the county court of said county would have jurisdiction, except as provided in said act, not necessary to here state.

Under the Constitution (article 5, § 16) and General Laws (Rev. St. 1925, art. 1950) of this state the county court has concurrent jurisdiction with the district court "when the matter in controversy shall exceed five hundred and not exceed one thousand dollars, exclusive of interest."

[2] Our statute does not expressly provide for the recovery of interest in matters of tort. In such cases it is allowed not eo nomine, that is, not as interest, but merely as damages; that is, the rate of interest is resorted to in order to measure the damages accruing from the loss of the use of the money. McDaniel v. National Steam Laundry Co., 112 Tex. 54, 244 S. W. 135, in which Judge Powell of the Commission of Appeals, section B, discusses the subject of jurisdiction of the county court and refers to many cases on the several features. Interest recoverable as damages arising from a breach of contract or tort is considered in ascertaining jurisdiction. Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163; McDaniel v. Nat. Steam Laundry Co., supra.

[3] From what has been said it is readily seen that the trial court was without jurisdiction. It follows that this court is likewise without jurisdiction.

The case is remanded to the trial court, with direction that the case be dismissed.

HIGGINS, J. (concurring in part and dissenting in part). It is very clear that plaintiffs by suing to recover their damages in the sum of $1,000, with interest from March 1, 1924, to the date of trial and judgment, thereby placed in controversy an amount beyond the jurisdiction of the county court at law. McDaniel v. National, etc., 112 Tex. 54, 244 S. W. 135; Pecos & N. T. Ry. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; International & G. N. Ry. v. Lyon, 112 Tex. 30, 243 S. W. 973;

Holman v. Ward (Tex. Com. App.) 288 S. W. 148.

The court, therefore, erred in undertaking to dispose of this case upon its merits. Its error in so doing is fundamental and requires correction by this court, though not called to our attention in any way. Curtis v. Ford, 78 Tex. 262, 14 S. W. 614, 10 L. R. A. 529; Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618.

I do not concur in the broad statement in the majority opinion that, since the trial court was without jurisdiction, this court is likewise without jurisdiction.

The statement has often been made that, if the court a quo had no jurisdiction, the appellate court can have none. See cases cited 1 Michie, Digest, 362. But this statement is too broad, the true rule being stated by Justice Wheeler in Hearn v. Cutberth, 10 Tex. 216, as follows:

"But it is insisted for the appellee that the appeal to this court should be dismissed for the want of jurisdiction in the court a quo, and we are referred to our opinions, in which it has been held that, where the court from which the appeal was taken has not jurisdiction, the appellate court cannot acquire it by the appeal. This is true, in the sense in which that proposition was asserted and applied in the case referred to; that is, where the court in which suit was brought had not jurisdiction, another court, though entitled to take original jurisdiction of the case, cannot acquire it by appeal for the purpose of an adjudication of the merits of the case. An appeal cannot confer on the appellate court a jurisdiction which the court a quo did not possess (Baker v. Chisholm, 3 Tex. 158; [Aulanier v. Governor] 1 Tex. 668); that is, jurisdiction to hear and determine the case upon the merits. But the appellate court may entertain the appeal for the purpose of reversing the judgment of the court below, where it has exceeded its jurisdiction, and, without undertaking to adjudicate the merits of the case, may render such judgment as the court below ought to have rendered; that is, to reverse and dismiss where the court has improperly taken jurisdiction and where it has properly dismissed the case for the want of jurisdiction, to affirm the judgment. Swigley v. Dickson, 2 Tex. 192, 196."

See, also, Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618.

The writer, therefore, concurs in this court assuming jurisdiction of this appeal for the purpose of reversing the judgment upon the merits which the trial court erroneously rendered.

I do not concur in the peremptory direction to the trial court to dismiss the case. If it were proper to peremptorily direct such dismissal, then this court should here render judgment dismissing the action. There is no occasion to remand to the county court at law simply for the purpose of dismissing the suit. This court has full power to dismiss, if such order is proper. Article 1856, R. S.

For the reason to be now stated, I do not think such order would be proper at this

time. The plaintiff has the right to waive his demand for interest and omit to sue for same. Fort Worth & R. G. Ry. v. Mathews, 108 Tex. 228, 191 S. W. 559; International & G. N. Ry. v. Lyon, 112 Tex. 30, 243 S. W. 973.

The demand for interest is severable, and admits of segregation from the item of $1,-000 damage to plaintiffs' premises, and may therefore be omitted from the suit and bring the action within the jurisdiction of the county court at law. Fort Worth & R. G. Ry. v. Mathews, supra; Hooper Lbr. Co. v. Texas Fixture Co., 111 Tex. 168, 230 S. W. 141; Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 824, 23 S. W. 91.

The right to amend so as to cure a defect in the jurisdiction of the court is well settled. McDannell & Co. v. Cherry, 64 Tex. 177; Tarkinton v. Broussard, 51 Tex. 550; Greer v. Richardson Drug Co., 1 Tex. Civ. App. 634, 20 S. W. 1127; Miller v. Newbauer (Tex. Civ. App.) 61 S. W. 974.

Cases have been remanded to allow a party to make such amendment.' Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 824, on rehearing, 3 Tex. Civ. App. 498, 23 S. W. 91; Ward v. Lathrop, 11 Tex. 287; McDannell & Co. v. Cherry, supra; Braggins v. Holekamp (Tex. Civ. App.) 68 S. W. 57.

The last four cited cases, it seems to me, are decisive of the view that the case should be remanded so as to allow plaintiffs an opportunity to amend and bring the suit within the jurisdiction of the county court at law.

Of course, if no amendment can be properly made so as to cure the jurisdictional defect here present, then we should dismiss the suit. Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618. But, as shown above, the plaintiffs, if they see fit, may amend by omitting to sue for interest, and thus bring the action within the jurisdiction of the trial court, and the case should be remanded to afford them that opportunity.

Again, the original petition in this case is not in the transcript. It may be that such petition seeks to recover an amount within the jurisdiction of the trial court. If so, the amended petition did not necessarily oust the jurisdiction of the county court at law (Isbell v. Kenyon-Warner, etc., 113 Tex. 528, 261 S. W. 762; Fort Worth & D. C. Ry. v. Underwood, 100 Tex. 285, 99 S. W. 92, 123 Am. St. Rep. 806), and in such case the proper order is to remand rather than render judgment dismissing the suit (International & G. N. Ry. v. Flory [Tex. Civ. App.] 118 S. W. 1116).

I, therefore, think the case should be reversed and remanded, with instructions to dismiss, unless the original petition states a cause of action for an amount within the jurisdiction of the county court at law, and, if not, to dismiss, unless the plaintiffs, by amendment, shall reduce their demand by omitting to sue for interest.

It would not be permissible for them to fictitiously reduce the damages of $1,000 to the premises. Hooper Lumber Co. v. Texas Fixture Co., supra; Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 824, 23 S. W. 91.