## HEMAN–COOK LUMBER CO. v. FOGARTY.
### (No. 12129.)

Court of Civil Appeals of Texas. Fort Worth.
April 27, 1929.

Rehearing Denied June 8, 1929.

Billingsley & Billingsley, of Fort Worth, for appellant.

F. M. Bransford, of Fort Worth, for appellee.

DUNKLIN, J. On August 20, 1926, C. B. Taliaferro, who was the owner of two lots of land situated in the M. G. Ellis addition to the city of Fort Worth, entered into a contract in writing with L. R. Cook, by the terms of which the latter agreed to "furnish all the labor and material for, and to construct, erect and complete" upon each of said lots, a five-room frame house, and in consideration therefor Taliaferro agreed to pay to Cook the sum of $2,500 for each of said houses. The contract stipulated that Cook should have a mechanic's lien on each of said lots to secure the payment of the contract for such improvements. The sum of money which Taliaferro so agreed to pay to Cook was evidenced by two promissory notes, bearing interest at the rate of 10 per cent. per annum, maturing on or before 30 days after date. On August 30, 1926, 10 days after date of said contract, L. R. Cook transferred and assigned to Lem Billingsley those notes and the liens given to secure the same, in consideration for a loan made by him to the Heman-Cook Lumber Company of money to construct the buildings. Later Billingsley transferred and assigned the notes and liens securing the same to the Heman-Cook Lumber Company.

After the assignment of the contracts by Cook to Billingsley, Cook, representing the Heman-Cook Lumber Company, proceeded with the work of construction of the two houses, and Taliaferro was one of his employees in the performance of that work. While so employed Taliaferro engaged John S. Fogarty, a plumber, to do the plumbing work necessary to the completion of the houses at a contract price of $350 for each house, or $700 in the aggregate. Two contracts for that work, both in writing, were executed by Taliaferro with Fogarty, in each of which it was stipulated that the Heman-Cook Lumber Company would pay to Fogarty the prices agreed upon for the work.

This suit was instituted by John S. Fogarty against L. R. Cook and the Heman-Cook Lumber Company to recover $700, the contract price of the work done by plaintiff on the two houses. The case was tried before the court with the aid of a jury, and judgment was rendered denying plaintiff a recovery against L. R. Cook, but awarding him a judgment against the Heman-Cook Lumber Company for $700, with interest thereon from and after January 1, 1927, at the rate of 6 per cent. per annum, from which judgment the lumber company had prosecuted this appeal.

In answer to special issues the jury found that the defendant Cook promised and agreed to pay to the plaintiff the contract price of $700 for installing the plumbing fixtures in the two houses in question; that in making said agreement he was acting for and in behalf of the Heman-Cook Lumber Company; that, in executing the two contracts with the plaintiff for the plumbing work on the houses, Taliaferro acted as the authorized agent of the Heman-Cook Lumber Company;

that $700 was a fair and reasonable value of material and labor furnished by plaintiff in doing said work; and that plaintiff completed his contract for such plumbing in accordance with its terms. In addition to those findings by the jury, the trial judge also found that the work done by Fogarty was completed in December, 1926, that the Heman-Cook Lumber Company was obligated to pay the same, and that the defendant Cook was not individually liable therefor.

The issues of fact so determined were duly tendered by plaintiff in his pleadings. In his pleadings the plaintiff alleged, in substance, that in making said building contract Cook was acting, not only for himself, but for and on behalf of the Heman-Cook Lumber Company; that Taliaferro was employed by the defendants as construction foreman and superintendent of the work, and that after the contracts for the plumbing were made plaintiff conferred with Cook, who, for himself and as agent of the Heman-Cook Lumber Company, confirmed the contract and agreed to pay plaintiff the contract prices for the plumbing fixtures and work; and that the lumber company took over and appropriated the benefits of the plumbing work in carrying out the two contracts for the construction of the two buildings mentioned above.

We overrule appellant's contention that plaintiff's pleadings and the testimony introduced showed that the alleged contract of the appellant was one of guaranty only, to answer for the default of Cook in the completion of the two building contracts, and that since such guaranty was not in writing it was void under the statute of frauds, since the allegations of plaintiff's petition and testimony introduced in support thereof were direct and specific to the effect that the contract for the construction of the two buildings in the name of Cook was the contract of the lumber company, acting by and through Cook as its duly authorized agent.

As shown by testimony introduced, Cook was vice president of the lumber company, owning one-fourth of its capital stock, and was acting for that company in contracting for the construction of the houses; that as representative of the company he looked after the construction of the houses and employed Taliaferro to do work thereon; that the appellant company furnished the building material for the houses, and paid numerous claims for labor and material used in its construction and during construction; that it borrowed the money from Billingsley upon assignment of the notes and liens to him; that the appellant company repaid Billingsley the money so borrowed, and Billingsley reassigned to appellant the notes and liens which had been executed by Taliaferro. Cook further testified that "Taliaferro hired the ones who went to work before he left. He hired them, and the Heman-Cook Lumber Company paid them." According to testimony offered by plaintiff, Taliaferro was superintendent in charge of the construction work on the two houses.

The evidence just stated was sufficient to support the finding that Cook was the duly authorized agent of the lumber company, to execute the building contracts for its use and benefit; that Taliaferro was authorized by it and for its use to execute the plumbing contracts with plaintiff, and that Cook, as appellant's duly authorized agent, confirmed the same. Hence appellant's assignments of error presenting the contention that there was a lack of proof of authority on the part of Cook to bind the appellant by the two contracts mentioned above are overruled.

The evidence was also sufficient to prove that plaintiff's contracts were fully performed in December, 1926. Hence the court did not err in awarding plaintiff a recovery of interest at the rate of 6 per cent. from and after January 1, 1927. Article 5070, Rev. Civ. St. 1925; Guffey Petroleum Co v. Hamill, 42 Tex. Civ. App. 196, 94 S. W. 458; Davis v. Stamford Mill & Elevator Co. (Tex. Civ. App.) 260 S. W. 1081; Atkinson v. Jackson Bros. (Tex. Civ. App.) 259 S. W. 280.

[2] In the absence of any testimony to the contrary, the plumbing done by plaintiff was necessarily included in the building contracts with Taliaferro noted above, "to furnish all the labor and materials for, and to construct, erect and complete," the two houses.

[3] There is no merit in another assignment to the refusal of the court to admit evidence offered by appellant, showing that it expended sums largely in excess of the contract prices for the two houses in their completion, and was put to the expense of a foreclosure suit against Taliaferro to acquire title to the property finally, since those facts were all immaterial to the issues determined by the court and jury, upon which the judgment complained of was based.

For the reasons stated, all assignments of error are overruled, and the judgment against appellant is affirmed. The judgment in favor of defendant Cook, of which no complaint is made, is left undisturbed.