KING OPTICAL, Formerly Terminal-Hudson Corporation, Appellant,

v.

AUTOMATIC DATA PROCESSING OF DALLAS, INC., Appellee.

No. 5580.

Court of Civil Appeals of Texas, Waco.

Sept. 23, 1976.

Rehearing Denied Oct. 14, 1976.

Geary, Stahl, Koons, Rohde & Spencer,
Dallas, for appellant.

Golden, Potts, Boeckman & Wilson, Dallas, for appellee.

HALL, Justice.

The appellee, a computer data processing company, brought this suit against the appellant for an alleged balance due for performing payroll, general ledger, accounts payable, daily sales report, and cash disbursement report data processing services for the appellant under an oral contract. After a trial without a jury, the court awarded the appellee $27,942.91 for services rendered under the contract, prejudgment interest on amounts accruing under the contract during 1972 and 1973, attorneys' fees in the amount of $11,025.00 plus attorneys' expenses in the sum of $1,074.52, costs of court, and interest on the judgment. Additionally, the court ordered a remittance by the appellee of $3,000.00 of the awarded attorneys' fees if no appeal was taken by the appellant, and a remittance of $1,000.00 of the attorneys' fees if the appellant appealed only to the Court of Civil Appeals but not to the Supreme Court.

The appellant contends that the evidence is legally and factually insufficient to show that it agreed to pay the appellee for daily sales reports and cash disbursement reports; that the evidence is legally and factually insufficient to show that the appellee's usual and customary charges for the services it allegedly rendered for the appellant total $27,942.91; that the court erred in striking the appellant's third and fourth amended original answers merely because they were filed within seven days of the date of trial; that the court's allowance of prejudgment interest is not supported by either pleading or statute; that the court erred in awarding the appellee "attorney's expenses" in the absence of statutory authority or an agreement between the parties supporting the award; and that the award of attorney's fees is erroneous because (1) there is no evidence that the appellee presented its claim to the appellant for payment at least 30 days prior to the judgment and thereby met the required statutory predicate, (2) there is no evidence

the fees allowed are reasonable, and (3) the unconditional allowance of attorneys' fees to the appellee in the event of an appeal by the appellant is an illegal restraint upon its right of appeal.

We modify the judgment by deleting the awards of prejudgment interest, attorneys' expenses, and attorneys' fees on appeal.

Without dispute in the record, after negotiations between the parties and proposals by the appellee, the appellant requested the appellee to service the appellant's payroll, accounts receivable, general ledger and accounts payable. The appellee did so. The appellee also rendered daily sales report and cash disbursement report services for the appellant and charged the appellant for these services separately from the charges made for the general ledger and accounts payable services. It was the appellant's position on the trial that the agreement of the parties regarding the general ledger service included the daily sales report; that the agreement regarding the accounts payable service included the cash disbursement report; that the parties' agreement set maximum charges to be made by the appellee for general ledger and accounts payable services; and that a part of the recovery now sought by the appellee is for charges in excess of those maximums. Of course, the appellee directly disputed these contentions. The trial court made express findings supporting the appellee's positions on these questions, and these are the findings that the appellant asserts are not supported by legally or factually sufficient evidence.

There is evidence of the following facts: The appellee markets "package services" which include payroll, accounts receivable, accounts payable, and general ledger. These packages can be fitted to the records of any business without extraordinary programming. Any services falling outside these packages must be custom-programmed. Daily sales reports and cash disbursement reports are not parts of the package-programs, and specifically are not included in the accounts payable and general ledger programs of the package services.

If desired by a business, these reports must be custom-programmed. At separate times, the appellant purchased the appellee's package services for its payroll, accounts receivable, accounts payable, and general ledger. The appellee's proposals, accepted by the appellant, included a one-time installation charge for each service and monthly charges thereafter based upon each item or transaction under the service plus additional charges for changes, additions, or deletions. The proposals contained projected monthly estimates of costs based upon a review of the appellant's records, but the parties did not understand or agree these estimates were maximum charges that would be made by the appellee. The cash disbursements report was requested by the appellant separately from the accounts payable, and the program for cash disbursements was developed for the appellant by the appellee about six months before the appellant began using the appellee's accounts payable services. The daily sales report was requested by the appellant separately from the general ledger. It did not begin with the general ledger service, but followed it by about two months. The services for the daily sales reports and cash disbursement reports were specifically designed by the appellee to fit the appellant's specifications. The appellant was billed monthly by the appellee. The appellant has paid some of the appellee's monthly charges for services for daily sales reports and cash disbursement reports, but has not paid others. It has also paid a part of the appellee's charges for other services rendered. After the appellee ceased its services because of the appellant's delinquency, the appellant assured the appellee it would be paid in full for the services rendered. Later, the appellant disputed some of the charges, and this lawsuit followed.

■ The appellee's president testified in detail about the services rendered for the appellant and the charges for the services which remain unpaid, and to the fact that all offsets and credits have been allowed the appellant. His testimony supports the award of $27,942.91. During his testimony he identified and referred to copies of invoices and statements rendered to the appellant by the appellee. The statements and invoices were subsequently admitted into evidence. The appellant asserts that these instruments are hearsay because the record fails to show they fall within the so-called Business Records Act, Art. 3737e, Vernon's Ann.Tex.Civ.St. The appellant also contends that the witness's testimony assertedly based on the instruments is also hearsay. This contention was not made on the trial. The record shows that the witness has been closely involved in the dealings, discussions, and differences between the parties from their beginnings. It does not affirmatively show that his testimony was not based upon personal knowledge. Accordingly, this testimony may not now for the first time be condemned as hearsay. 24 Tex.Jur.2d 64, Evidence, § 561. Because this testimony supports the court's findings relating to the appellant's delinquencies, the complaints that the statements and invoices are hearsay and were improperly admitted into evidence are immaterial.

■ The evidence we have recited is legally sufficient to support the challenged findings. A review of the entire record shows the findings are not against the great weight and preponderance of the evidence.

■ When the case was called for trial, the court refused the appellant leave to file both its third and fourth amended original answers solely because they were tendered for filing within seven days of the date of trial. This ruling violated Rule 63, Vernon's Tex.Rules Civ.Proc., which provides that leave for filing amended pleadings "offered for filing within seven days of the date of trial or thereafter . . . shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party." It was an abuse of discretion. Although the appellant has assigned this error for reversal, it has failed to indicate how it was harmed by the ruling. Insofar as the record shows, no harm resulted. Harmless error will not support the reversal of a judgment. Rule 434, Vernon's Tex.Rules Civ.Proc.

■■ The prejudgment interest allowed in the judgment was not pleaded for by the appellee. The appellant's challenge to the award on this ground is sustained. By failing to plead for prejudgment interest the appellee waived its right to it. *Black Lake Pipe Line Co. v. Union Const. Co.,* 538 S.W.2d 80, 96 (Tex.Sup., 1976). The appellee argues that its general prayer for relief supports the award of prejudgment interest under the provisions of Article 5069–1.03, Vernon's Ann.Tex.Civ.St. We disagree. This statute provides for prejudgment interest on written contracts and open accounts. The appellee brought this suit to recover on an oral contract for services rendered and it was tried on that theory. A claim based on services is not a claim on an open account within the meaning of Article 5069–1.03. *McDaniel v. National Steam Laundry Co.,* 112 Tex. 54, 244 S.W. 135, 137, 112 Tex. 54 (Tex.Com.App., 1922, opinion adopted); *Routon v. Phillips,* 246 S.W.2d 223, 227 (Tex.Civ.App.—Fort Worth 1952, writ ref., n.r.e.).

In effect, the judgment awards $8,025.00 attorneys' fees through the trial of the case, $2,000.00 additional attorneys' fees if the appellant appeals to the Court of Civil Appeals, and $1,000.00 additional attorneys' fees if the appellant appeals to the Supreme Court. As we have said, the judgment also allows the appellee $1,074.52 for "attorneys' expenses."

Article 2226, Vernon's Ann.Tex.Civ.St., provides as follows:

Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured or suits founded upon a sworn account or accounts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such persons

or corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence.

■ The appellant says there is no evidence to support the court's finding that "more than 30 days prior to the filing of this lawsuit" the appellee "presented its claim for $27,942.91" to the appellant for payment. We overrule this contention. The appellee's president testified that "around a month or two" after the appellee ceased doing work for the appellant (in 1973) he met with the appellant's representative and discussed with her "the amount of money owed us and how they were going to pay it and when," and that she told him "she would get us a check that week" for the "total unpaid balance." This suit was filed on May 10, 1974, and the judgment was rendered in 1975.

■■ Article 2226 does not require that the presentment of claim be made in any particular manner. All that is required is an assertion of the right to be paid and a request for payment. *Huff v. Fidelity Union Life Insurance Company,* 158 Tex. 433, 312 S.W.2d 493, 500 (1958). The appellee's oral request for payment met the provision of the statute.

■■ Statutes authorizing a recovery of attorney's fees are penal in nature and are strictly construed. *Van Zandt v. Fort Worth Press,* 359 S.W.2d 893, 895 (Tex.Sup., 1962). Article 2226 provides for an award for reasonable attorneys' fees, but it does not authorize a separate allowance for "attorney's expenses." The court's award of $1,074.52 for this purpose in addition to attorneys' fees is therefore improper.

The appellant's argument that there was no testimony that any of the attorneys' fees awarded are reasonable fees is correct. The appellee tacitly admits this in its brief. However, the record does show the number of hours the appellee's attorneys have devoted to the case, the number of pleadings they have filed, and the one day appearance in court for this trial. It also shows the court was familiar with the case file. Because this was a non-jury trial the court was authorized by Article 2226, supra, to take judicial notice of the case file and the current State Bar Minimum Fee Schedule and accept the amounts prescribed in the Schedule as "prima facie evidence of reasonable attorney's fees." *Coward v. Gateway Nat. Bank of Beaumont,* 525 S.W.2d 857, 859 (Tex.Sup., 1975). The Schedule and the record support the award of $8,025.00 for attorneys' fees through the trial of the case as being a reasonable amount.

We agree with the appellant that a trial court may not penalize a party for taking a successful appeal by taxing him with attorneys' fees if he takes it. The awards of attorneys' fees in this case in the event of appeals by the appellant are unconditional and do not purport to turn upon whether or not the appellant succeeds in the appellate courts. The awards are improper.

The remaining points and contentions of both parties are overruled.

The awards for prejudgment interest, for attorneys' expenses, and for attorneys' fees in the event of an appeal are set aside and deleted from the judgment. With these modifications the judgment is affirmed.